Herbert E. SAIER

v.

STATE BAR OF MICHIGAN and The
Supreme Court of The State of
Michigan, et al.

No. 14462.

United States Court of Appeals
Sixth Circuit.

Aug. 4, 1961.

Herbert E. Saier, in pro. per.

J. Cameron Hall, Detroit, Mich., for State Bar of Michigan.

Joseph B. Bilitzke, Lansing, Mich., Paul L. Adams, Atty. Gen. of Michigan, Samuel J. Torina, Sol. Gen., Lansing, Mich., on the brief, for Supreme Court of Michigan and others.

Before MILLER, Chief Judge, and CECIL and O'SULLIVAN, Circuit Judges.

CECIL, Circuit Judge.

The United States District Court for the Eastern District of Michigan, Southern Division, dismissed the complaint of the plaintiff-appellant for the reason that it did not contain facts sufficient to constitute a cause of action. Herbert E. Saier, plaintiff-appellant appeals to this Court, seeking a reversal of the order of dismissal.

The defendants in the District Court and appellees here are State Bar of Michigan, several officers and former officers of the State Bar of Michigan, who are sued in their official capacity and individually, and the justices and former justices of the Supreme Court of Michigan, who are sued individually and in their judicial capacity.

Mr. Saier brought this action as a diversity of citizenship case, alleging that he was a citizen of Missouri and that he was damaged in excess of $10,-000, exclusive of interest and costs. The district judge considered the complaint as an attempt to state a cause of action under section 1983 of Title 42 U.S.C.A., known as "The deprivation of civil rights act." The appeal is argued to us as such an action. The appellant has apparently abandoned any claim to jurisdiction by reason of diversity of citizenship. We consider that no cause of action is stated as a diversity case and therefore do not discuss that theory further.

We are of the opinion, as was the district judge, that if any cause of action is stated, the facts as alleged would invoke jurisdiction by virtue of the

758

civil rights act. The question presented then is whether there are sufficient facts alleged in the complaint to show that the appellant was deprived of any "right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." Section 1343(3), Title 28 U.S.C.[1]

The pertinent facts as alleged in the complaint are as follows: On July 16, 1956, the plaintiff-appellant filed a complaint against four lawyers of the Michigan Bar, in the office of the State Bar of Michigan, at Lansing, with Executive Secretary Milton E. Bachman and Executive Assistant Joseph C. Cox. The lawyers involved in the charge were notified of the charges contained in the complaint. The appellant filed an amended and corrected request for investigation on September 10, 1956. On October 3, 1956, Mr. Bachman and Mr. Cox advised him that he had to make out new forms. He refused to do this and on November 15, 1956 filed a petition for a writ of mandamus with the Supreme Court of Michigan. This petition was denied and subsequently he filed another petition with the same court for writ of mandamus which was also denied.

The complaint does not state the specific charges that were made against the accused lawyers, but inferentially it appears that they involve " * * * unethical conduct, false testimony and attempted murder with a deadly weapon, and with charges of their taking of a complete file out of the Probate Court of the County of Ingham, Michigan."

There is reference in the complaint to suits in various courts of Michigan both past and now pending. It is alleged that three of the accused lawyers have commenced an action on the equity side of the court, in Ingham County, Circuit Court.

No disciplinary action has been taken against the lawyers named in the request for investigation, and the appellant claims that his complaint has not been processed by the Michigan State Bar. This he claims is a denial of a right guaranteed to him under the Fourteenth Amendment of the Federal Constitution. Specifically, he claims it is a denial of due process of law, a denial of equal protection of the laws and unjust discrimination.

The pertinent part of the amendment reads, as follows: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The question before the Court is a very narrow one. To determine that question, we are not concerned with what might be the ultimate outcome of a hearing of the charges against the accused lawyers. Neither is the seriousness of the misconduct complained of material for our determination of the question involved.

Assuming that the appellant's "Request for investigation" of certain attorneys has been denied by the State Bar of Michigan, has he been denied a right which is given to him by the Fourteenth Amendment to the United States Constitution?

■■ Section 1983 of Title 42 U.S.C.A. provides that an action may be brought for redress of the "deprivation of any rights, privileges, or immunities secured by the Constitution * * *" (Federal). If the appellant has been

1. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Section 1983 of Title 42 U.S.C.A.

denied the right of which he complains, his redress would be to have the District Court order the processing of the complaint by the State Bar. The ultimate that he might expect from this would be the disbarment of the accused lawyers. This might give him a certain amount of personal satisfaction but no material gain would result to him as a consequence of such action. It would not give him any judgment against the lawyers of whose misconduct he complains and whose actions caused him financial loss. Therefore, he has not been deprived of "life, liberty, or property * * *." There are no allegations in the complaint to support a charge of a denial of equal protection of the laws or that he has been the subject of unjust discrimination.

Not only has he not suffered, according to the allegations of his complaint, any deprivation of a right under the Federal Constitution as a matter of fact, but legally no such right as he claims is guaranteed to him by the Federal Constitution.

License to practice law, the continuation of such license, regulation of the practice and the procedure for disbarment and discipline are all matters that are within the province of an individual state. As in Michigan, the creation of the office of attorney, the regulation and control of the practice of law, along with the procedure of disbarment is governed by "The Judicature Act" under the headings "Attorneys and Counselors," section 27.68 et seq. and "State Bar Association," sections 27.101 and 27.102, respectively, of Title 27, Michigan Statutes Annotated, Comp.Laws 1948, §§ 555.18 et seq., 691.51, 691.52; Rule 15, State Bar of Michigan.

In In re Lockwood, Petitioner, 154 U.S. 116, at page 117, 14 S.Ct. 1082 at page 1083, 38 L.Ed. 929, the court said: "In Bradwell v. The State, 16 Wall. 130 (83 U.S. 130), [21 L.Ed. 442,] it was held that the right to practice law in the state courts was not a privilege or immunity of a citizen of the United States; *that the right to control and regulate the granting of license to practise law in the courts of a State is one of those powers that was not transferred for its protection to the federal government,* and its exercise is in no manner governed or controlled by citizenship of the United States in the party seeking such license." (Emphasis added.) And in 154 U.S. at page 118, 14 S.Ct. at page 1083: "It was for the supreme court of appeals to construe the statute of Virginia in question, and to determine whether the word 'person' as therein used is confined to males, and whether women are admitted to practice law in that Commonwealth." See also: Yeiser v. Dysart, 267 U.S. 540, 45 S.Ct. 399, 69 L.Ed. 775; Ayres v. Hadaway, 303 Mich. 589, 595, 6 N.W. 2d 905.

In Theard v. United States, 354 U.S. 278, at page 281, 77 S.Ct. 1274, at page 1276, 1 L.Ed.2d 1342, the court said: "It is not for this Court, except within the narrow limits for review open to this Court, as recently canvassed in Konigsberg v. State Bar of California, 353 U.S. 252, 77 S.Ct. 722, [1 L.Ed.2d 810,] and Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, [1 L.Ed.2d 796,] to sit in judgment on Louisiana disbarments, and we are not in any event sitting in review of the Louisiana judgment. While a lawyer is admitted into a federal court by way of a state court, he is not automatically sent out of the federal court by the same route. The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers, among whom, in the present context, lawyers are included. The court's control over a lawyer's professional life derives from his relation to the responsibilities of a court." See also: Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585; In re Crow, 6 Cir., 283 F.2d 685.

We find no authority and none has been cited to us to support the appellant's contention that he has a right under the Federal Constitution to require the State Bar of Michigan to process his complaint. The regulation of the practice of law, in-

cluding the procedure of disbarment and discipline of members of the profession, is a function of state government. Consequently there has been no deprivation of right which would give rise to a cause of action under section 1983, Title 42 U.S.C.A.

■ In the final analysis, it is a judicial function to pass on the disbarment of a lawyer. As shown heretofore (In re Lockwood, Petitioners, supra), the regulation and control of the practice of law was not a power that was delegated to the Federal government but remained in the states. Under the statutes of Michigan, the Supreme Court of that state has the final determination of a disbarment proceeding. Secs. 27.79, 27.-102, Michigan Statutes, Annotated, Comp.Laws 1948, §§ 601.59, 691.52; Sec. 25, Rule 15, State Bar of Michigan.

In 1824, Mr. Chief Justice Marshall said: "On one hand, the profession of an attorney is of great importance to an individual, and the prosperity of his whole life may depend on its exercise. The right to exercise it ought not to be lightly or capriciously taken from him. On the other, it is extremely desirable that the respectability of the bar should be maintained, and that its harmony with the bench should be preserved. *For these objects, some controlling power, some discretion, ought to reside in the court.* This discretion ought to be exercised with great moderation and judgment; *but it must be exercised;* and no other tribunal can decide, in a case of removal from the bar, with the same means of information as the court itself. (Emphasis added.)

\* \* \* \* \* \*

"The power is one which ought to be exercised with great caution, but which is, we think, incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession." Ex parte Burr, 22 U.S. 529, 9 Wheat. 529, 6 L.Ed. 152. See also: Ex parte Garland, 71 U.S. 333, 378, 4 Wall. 333, 378, 18 L.Ed. 366.

■■ The appellant has alleged in his complaint that he twice petitioned the Supreme Court of Michigan for a writ of mandamus to require the State Bar officers to process his request for investigation and that his petitions were twice denied. This was a proper forum and if there were constitutional questions involved he could have petitioned the Supreme Court of the United States for certiorari. The District Court cannot review the proceedings of the Supreme Court of Michigan. Having pursued a remedy in a proper forum and in a court with jurisdiction to hear his cause, we are of the opinion that a denial of relief by that court terminated the appellant's litigation to require further action by the State Bar.

After this denial, he should have given consideration to the request of the State Bar Officers. It is alleged in the complaint that on October 3, 1956, he was requested to furnish new forms which he refused to do. There is nothing in the complaint to show that this request was arbitrary or capricious and, in refusing to comply, the appellant cannot say that the bar refused to process his complaint but, rather, he puts himself in default by his own allegations.

■ The appellant charges in his complaint that the members of the Supreme Court of Michigan were disqualified from sitting in the mandamus actions for the sole reason that they themselves were members of the Michigan State Bar. The situation is not open to any such arbitrary presumption. Lawyers are officers of the court and the courts have a duty to supervise their conduct. As Mr. Chief Justice Marshall said, in ex parte Burr, supra, "The power is \* \* \* incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession."

The judges are as much interested as any third person could be in the decorum and respectability of the lawyers who practice before them. It is inconceivable

that the judges of the Supreme Court would so far transgress the dignity and responsibilities of their high office to protect lawyers in such misconduct, as is inferred here, at the expense of the reputation of its bar.

There is no charge in the complaint that the judges, in denying the petitions for mandamus, acting arbitrarily, capriciously, or maliciously. We must assume then that they acted in good faith in their judicial capacity. Judges are immune from suit arising out of their judicial acts and the civil rights statutes create no exception to this rule. Bradley v. Fisher, 80 U.S. 335, 13 Wall. 335, 20 L.Ed. 646; Kenney v. Fox, 6 Cir., 232 F.2d 288; Allen v. Groat, 6 Cir., 283 F.2d 692.

The appellant in his complaint alleges that the Michigan Supreme Court and the Michigan State Bar conspired together and with others unknown to him to deny him the rights of which he complains. The allegations in the complaint are that the appellant filed actions for mandamus in the Supreme Court and that they were denied. None of the elements of conspiracy are pleaded. There is only the conclusion of the pleader.

"The accepted definition of a conspiracy is a combination of two or more persons by concerted action to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means." Duplex Printing Press Co. v. Deering, 254 U.S. 443, 465, 41 S.Ct. 172, 176, 65 L.Ed. 349.

We conclude that the right to require the State Bar to process appellant's request for an investigation of certain lawyers is not a right guaranteed by the Federal Constitution; that litigation to compel the State Bar to process the complaint of the appellant has been adjudicated in a court with jurisdiction to hear the cause and is now terminated, and that the State Bar has not refused to process the complaint but that the appellant is in default for not complying with the request of the State Bar to furnish new forms.

We further conclude that the complaint does not contain facts sufficient to charge a conspiracy against the Supreme Court and the State Bar.

Having reached these conclusions, we do not reach other questions raised by the appellant.[2]

The judgment of the District Court is affirmed.

2. The Integrated Bar Act of Wisconsin was sustained by the Supreme Court of the United States on June 19, 1961, in Lathrop v. Donohue, 81 S.Ct. 1826.