David Anthony DOYLE, Plaintiff,

v.

OKLAHOMA BAR ASSOCIATION, et al., Defendants.

No. CIV–91–312–V.

United States District Court, W.D. Oklahoma.

Feb. 13, 1992.

Sylvia Marks–Barnett, Oklahoma City, Okl., for plaintiff.

George F. Short, Cynthia L. Sparling, Short Barnes Wiggins Margo & Adler, Oklahoma City, Okl., for defendants.

## MEMORANDUM AND ORDER

VANBEBBER, District Judge, Assigned.

Under consideration by the court is the motion (Doc. 27) of the defendants to dismiss plaintiff's Second Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated in this memorandum and order, the motion is granted, and the case is dismissed.

This case, filed in the Western District of Oklahoma, was assigned to the undersigned United States District Judge for the District of Kansas pursuant to an order (Doc. 26) entered by Judge Robin J. Cauthron.

It appears that this action arises out of a bar grievance filed by plaintiff against opposing counsel in a child custody case in Oklahoma state court, and a later bar grievance made by plaintiff against the general counsel of the Oklahoma Bar Association.

The court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.;* Fed.R.Civ.P. 8(a). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

According to plaintiff's Second Amended Complaint the defendant Oklahoma Bar Association was an association of all lawyers admitted to practice before the courts of the State of Oklahoma, and was an official arm of the Supreme Court of Oklahoma for the purposes of investigating and processing grievances involving allegations of professional misconduct against lawyers in Oklahoma. The defendant Tisdal is alleged to have been chairman of the Professional Responsibility Commission of the association, and the defendant Vassar a member of the commission. The defendants Murdock and Riesen are alleged to have been general counsel and assistant general counsel, respectively, for the association, and the defendant Emerson is alleged to have been its executive director. All defendants are alleged to have been acting pursuant to rules governing disciplinary proceedings promulgated by the Oklahoma Supreme Court.

The plaintiff, who is a citizen of Australia, and a barrister in that country, sent a written grievance to the defendant Murdock (general counsel of the association) on January 26, 1990, in which he complained of the misconduct of a lawyer (presumably on the other side in litigation in which plaintiff was involved), consisting of misrepresentations she made "under oath" to the District Court of Cleveland County, Oklahoma, "which resulted in judgments and orders adverse to plaintiff." The response to the grievance is alleged to have been made by the defendant Riesen (assistant general counsel) by a letter dated February 7, 1990, a copy of which is attached to the complaint as an exhibit. The letter stated that:

The Oklahoma Bar Association understands your situation, however, it is our opinion that we are not in a position to resolve this matter for you.

The General Counsel's Office deals with grievances alleging attorney conduct which violates the Oklahoma Rules of Professional Conduct. An attorney's

conduct may seem inappropriate but it may not necessarily rise to the level of a legal ethics violation.

Plaintiff's allegations are that the letter shows that the defendants Riesen and Murdock failed to conduct a preliminary investigation of plaintiff's grievance which was required by the disciplinary rules of the State Bar.

Plaintiff then goes on to allege that he telecopied a letter to Murdock on February 16, 1990, asking him to respond to his grievance. For some undisclosed reason plaintiff was apparently not satisfied to have received a reply only from the assistant general counsel. The complaint then goes on to allege a further exchange of correspondence which finally resulted in plaintiff filing a misconduct grievance against the defendant Murdock with the Association's Professional Responsibility Commission on August 7, 1990.

Plaintiff's next move was to write to the Vice Chief Justice of Oklahoma and to the Board of Governors of the Oklahoma Bar Association asking for further investigation of his grievance against the defendant Murdock. Plaintiff then alleges that Murdock wrongfully engaged in an *ex parte* contact with the Vice Chief Justice concerning the handling of plaintiff's original grievance arising out of the state court litigation.

The next event alleged by plaintiff is that on October 2, 1990, in response to plaintiff's correspondence to the Board of Governors, the defendants Emerson (executive director) and Vassar (member of the professional responsibility commission) wrote that Murdock had disqualified himself, and that defendant Tisdal (chairman of the commission) had appointed Vassar to act in the place of Murdock in the investigation of the grievances.

Plaintiff's Second Amended Complaint further alleges that he has not been officially notified as to the determination of his grievances; that the defendant members of the Professional Responsibility Commission and defendant Emerson have failed to secure to plaintiff the integrity of the grievance process; that they wrongfully failed to supervise or aid in the supervision of Murdock; and that the failure to investigate the grievance arising out of the state court litigation and the failure to notify plaintiff of the determination of either of his grievances have made them impossible of resolution.

Plaintiff alleges that the defendant Tisdal wrongfully took no timely steps to appoint anyone to act in place of Murdock, and then appointed Vassar, who was unable to act, because he had already concluded that no further investigation of the matters was necessary. Plaintiff alleges that the defendants have not followed the applicable rules and procedures for handling the complaints.

Plaintiff claims that he has been deprived of his rights to due process guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Sections Six and Seven of Article Two of the Oklahoma Constitution, and seeks damages in the amount of $4,000,000.

In their motion to dismiss, the defendants have urged that plaintiff has failed to plead facts sufficient to implicate a Constitutional right actionable under 42 U.S.C. § 1983. The court agrees with defendants' assertion, and concludes that the motion to dismiss under Fed.R.Civ.P. 12(b)(6) should be sustained on that ground.

■ To state a claim actionable under Section 1983, a plaintiff must alleges facts demonstrating two elements:

> First, the plaintiff must prove that the defendant has deprived him of a right secured by the "Constitution and laws" of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory."

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

In the case before the court, the allegations of plaintiff's Second Amended Complaint do not meet the threshold requirement of asserting a right secured by the

Constitution. Conceding, as I must do, that all of the allegations of plaintiff's second amended complaint are true, he has not alleged a violation of a constitutionally protected right. The Constitution does not guarantee to him the right to have the Oklahoma Bar Association or its officers process his grievances against members of that bar. *Saier v. State Bar of Michigan,* 293 F.2d 756 (6th Cir.), *cert. denied,* 368 U.S. 947, 82 S.Ct. 388, 7 L.Ed.2d 343 (1961). Absent such a guarantee, plaintiff's complaint does not state a cause of action under § 1983. As the court noted in *Saier,* 293 F.2d at 758, plaintiff has not been deprived of any liberty or property interest. Despite plaintiff's argument that he has sustained other damage, it appears to this court, as it did to the Sixth Circuit in *Saier,* that the most plaintiff might expect from having his grievances processed by the OBA would be the disciplining of the accused lawyers. I can perceive no material gain which would result to him as a consequence of such action, other than whatever personal satisfaction he might derive. Such expectations do not rise to the level of either property or liberty interests protected by the Constitution and entitling plaintiff to due process under either the Fifth or Fourteenth Amendments.

■ Another ground for dismissal under Rule 12(b)(6) urged by defendants is that they are rendered immune from liability in a suit for money damages by the Eleventh Amendment to the United States Constitution.

■ The Eleventh Amendment extends immunity from suit for damages to the state, its instrumentalities, and its officers when acting in their official capacities. *Mount Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Eleventh Amendment immunity is available to an entity where the entity is to be treated as an arm of the state. *Meade v. Grubbs,* 841 F.2d 1512, 1525 (10th Cir. 1988). It is noteworthy that plaintiff's Second Amended Complaint alleges (¶ 5) that the defendant OBA at all times pertinent was an official arm of the Supreme Court of the State of Oklahoma. I conclude that plaintiff's complaint unequivocally alleges the OBA to be an instrumentality of the state. Plaintiff seeks only to recover damages. Plaintiff's claim against the defendant Oklahoma Bar Association fails because of Eleventh Amendment immunity.

■ The allegations of the Second Amended Complaint are to the effect that the other named defendants are sued in their official, as well as their individual capacities. Insofar as the individual defendants are sued in their official capacities, they are entitled to the same immunity, and may not be sued for damages under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2311–12, 105 L.Ed.2d 45 (1989).

■ As to the individual defendants, sued in their individual capacities, defendants contend that they are entitled to absolute prosecutorial immunity from suit under § 1983. The court agrees.

■ Prosecutors are absolutely immune from liability for money damages under § 1983 for actions within the scope of their duties in initiating and pursuing criminal prosecutions. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Such immunity extends to decisions of prosecutors not to prosecute. *Hammond v. Bales,* 843 F.2d 1320, 1321 (10th Cir.1988). Prosecutors are also immune from liability for damages based upon a failure to independently investigate a suspect's guilt. *Meade,* 841 F.2d at 1532.

Plaintiff's conclusory allegations in his complaint that the acts of the defendants were "investigative and ministerial rather than prosecutorial and discretionary" are not sufficient to avoid the immunity to which the defendants are entitled in this case. The Tenth Circuit concluded that *Imbler* prosecutorial immunity should extend to attorney discipline proceedings such as those now before the court in *Clulow v. Oklahoma,* 700 F.2d 1291, 1298 (10th Cir.1983). There the court held that the activities of the Oklahoma Bar Association in investigating, drawing up and presenting cases involving attorney disci-

pline are analogous to the activities of prosecutors in the enforcement of criminal law, and that those activities enjoy absolute immunity from damage claims.

I conclude that the actions of the defendants alleged by plaintiff in his Second Amended Complaint fall squarely within the analysis of the Tenth Circuit in *Clulow*, and the motion of the individual defendants to dismiss based upon prosecutorial immunity, or immunity analogous to it, is granted on that ground.

Having come to the conclusion that it is clear that the motion to dismiss of all of the defendants must be granted on the basis of the reasons already set forth in this order, it is not necessary to discuss the other grounds asserted by defendants in their motion and supporting memorandum.

IT IS, THEREFORE, BY THE COURT ORDERED, that the motion of the defendants to dismiss plaintiff's Second Amended Complaint is granted, and this case is dismissed with prejudice, defendants to recover their costs.

IT IS SO ORDERED.