**L.T. BRADT, Appellant**

**v.**

**STATE BAR OF TEXAS, Appellee.**

**No. 14-94-00447-CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 24, 1995.

Joe Alfred Izen, Jr., Houston, for appellant.

D. Craig Landin, Linda A. Acevedo, Austin, for appellee.

Before YATES and FOWLER, JJ., and DRAUGHN,* Justice (assigned).

## OPINION

YATES, Justice.

Appellant, L.T. Bradt, appeals the trial court's granting of a summary judgment in favor of the State Bar of Texas, appellee. Bradt brings three points of error, asserting that the trial court erred in: (1) granting appellee's motion for summary judgment; (2) denying Bradt's cross motion for summary judgment; and (3) awarding appellee $1,500.00 in attorney's fees. We affirm.

This appeal stems from a grievance filed by Bradt with the State Bar of Texas against the Honorable W. David West. Bradt's grievance alleged that West violated Rule 3.05 of the Texas Disciplinary Rules of Professional Conduct by engaging in ex parte communications.[1] Specifically, the grievance dealt with correspondence relating to a order of contempt entered against Bradt by Judge West during a trial in Judge West's court in which Bradt represented one of the parties in the case. The basis for the contempt action was Bradt's alleged violation of a Joint Motion in Limine. The "ex parte" communication consisted of a handwritten note from Nancy Locke, one of the opposing attorneys in the case, addressed to Judge West and dealing with the contempt action.

After learning of the communication, Bradt filed complaints with the State Bar of Texas against both Judge West and Locke. However, the State Bar of Texas refused to classify Bradt's grievance against West as a "complaint," instead classifying it as an "inquiry."[2]

Bradt was notified of appellee's decision to classify the matter as an "inquiry" and Bradt appealed the decision to the Board of Disciplinary Appeals, which affirmed the determination made by the State Bar. Bradt then appealed to the Supreme court, which also affirmed the decision.

Bradt responded by filing the present action against appellee, claiming that the State Bar's refusal to classify the grievance as a "complaint" violated his constitutional right to equal protection, violated his federal civil rights under 42 U.S.C. § 1983 and violated the open courts provision of the Texas Constitution. He sought declaratory relief

* Justice Draughn sitting by assignment.

1. Rule 3.05 provides:

   A lawyer shall not:

   (a) seek to influence a tribunal concerning a pending matter by means prohibited by law or applicable rules of practice or procedure;

   (b) except as otherwise permitted by law and not prohibited by applicable rules of practice or procedure, communicate or cause another to communicate ex parte with a tribunal for the purpose of influencing that entity or person concerning a pending matter other than:

   (1) in the course of the official proceedings in the cause;

   (2) in writing if he promptly delivers a copy of the writing to opposing counsel or the adverse party if he is not represented by a lawyer;

   (3) orally upon adequate notice to opposing counsel or to the adverse party if he is not represented by a lawyer.

2. Such a distinction is important under the Texas Rules of Disciplinary Procedure. A "complaint" is defined as a written matter received by the Office of Chief Disciplinary counsel that, either on the face thereof or upon screening or preliminary investigation, alleges professional misconduct or attorney disability. Tex.R. Disciplinary P. 1.06(F) (1992), *reprinted in* Tex.Gov't Code Ann., tit. 2, subtitle. G app. A-1 (Vernon Supp.1995). In contrast, an "inquiry" means any written matter concerning attorney conduct that, even if true, does not allege professional misconduct or disability. Tex.R. Disciplinary P. 1.06(N) (1992). Once a grievance is filed, the procedure is for the Chief Disciplinary Counsel to determine its classification. If he or she classifies the grievance as an "inquiry," notice is given to the Complainant who has the right to appeal the determination to the Board of Disciplinary Appeals. Tex.R. Disciplinary P. 2.09 (1992). Appeal of the Board's findings was at the time in question made directly to the Supreme Court. Tex.R. Disciplinary P. 7.11 (1992).

against the State Bar, seeking to require it to accept the complaint against Judge West, or, in the alternative, Bradt sought a judicial grant of permission to bring a common law action against Judge West to remove his name from the roll of attorneys.

The State Bar of Texas moved for a summary judgment on several grounds, including that Bradt had failed to state a cause of action under 42 U.S.C. § 1983, and that no common law remedy existed regarding actions for professional misconduct. Bradt filed a cross motion for summary judgment. The trial court granted the State Bar's motion for summary judgment, denied Bradt's cross motion, and awarded the State Bar $1,500 in attorney's fees.

Bradt's first point of error alleges that the trial judge erred in granting appellee's motion for summary judgment. Summary judgment for a defendant is proper when the proof shows that no genuine issue of material fact exists on one or more of the essential elements of the plaintiff's cause of action, or when the defendant establishes each element of an affirmative defense as a matter of law. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990). Summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, plaintiff could not succeed upon any theory pled. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex. 1983).

Bradt argues that, by refusing to exercise jurisdiction over Judge West, the State Bar violated his equal protection rights as guaranteed by the Fourteenth Amendment of the United States Constitution and Article 1, Section 3 of the Texas Constitution. His contention is that appellee has a duty under these provisions to subject all attorneys who are members of the State Bar to the same disciplinary process. Since Judge West is an attorney as well as a district judge, Bradt claims that the State Bar acted arbitrarily by declining jurisdiction to hear the grievance against West. According to Bradt, such action violated his equal protection rights because he, as an attorney, is subjected to regulation and disciplinary proceedings from which Judge West is exempt. Additionally, he argues that this action denied him access to the courts; leaving him without a remedy by due course of law for West's misconduct. We disagree.

First, in order to bring a cause of action under the federal constitution or 42 U.S.C. § 1983, a plaintiff must allege the deprivation of a right, privilege, or immunity protected by the federal constitution or laws. As the State Bar correctly notes in their brief, there is no right under the United States Constitution or federal law which requires the State Bar to process Bradt's grievance against Judge West. This issue has been addressed by both the Sixth and Tenth Circuits. *Saier v. State Bar of Michigan,* 293 F.2d 756 (6th Cir.), *cert. denied* 368 U.S. 947, 82 S.Ct. 388, 7 L.Ed.2d 343 (1961); *Doyle v. The Oklahoma Bar Association,* 998 F.2d 1559 (10th Cir.1993). In *Saier,* the Sixth Circuit was presented with a similar factual scenario. The court concluded that the appellant had no right under the federal constitution or 42 U.S.C. § 1983 to require the State Bar of Michigan to process his complaint. The court noted that the "[l]icense to practice law, regulation of the practice and the procedure for disbarment and discipline are all matters that are within the province of an individual state." *Saier,* 293 F.2d at 759. Further, the court stated:

> the right to practice law in the state courts was not a privilege or immunity of a citizen of the United States; that the right to control and regulate the granting of license to practice law in the courts of the state is one of those powers that was not transferred for its protection to the federal government, and its exercise is in no manner governed or controlled by citizenship of the United States.

*Id.*

Second, the equal protection clause allows the legislature considerable leeway in enacting legislation that may appear to affect similarly situated people differently. *Clark v. State,* 665 S.W.2d 476, 480 (Tex.Crim.App. 1984). Unless the classification interferes with an exercise of a *fundamental right* or places a burden on *a suspect class,* a classification will not be set aside on equal protection grounds if it is rationally related to a

legitimate state interest. *McDonald v. State,* 863 S.W.2d 541, 546 (Tex.App.—Houston [1st Dist.] 1993, no writ). Bradt, as an attorney is not a member of a suspect class (suspect classifications include those based on race, alienage, and ancestry); nor is his right to practice law a fundamental right (fundamental rights include the right to privacy, the right to vote, rights guaranteed by the First Amendment, the right to procreate, and the right to interstate travel). *See Id.* at 546 (citing *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 312 n. 6, 96 S.Ct. 2562, 2566 n. 3, 49 L.Ed.2d 520 (1976). *See also Giannini v. Wallace,* 911 F.2d 354, 358 (9th Cir.1990). Therefore, the issue is whether disciplinary rules which apply to attorneys, but exclude judges, are rationally related to the accomplishment of a legitimate state interest.

The authority to regulate judicial conduct is vested in the State Commission on Judicial Conduct. Tex. Const. art. V § 1–a. In addition, the Code of Judicial Conduct, adopted by the Supreme Court of Texas, governs the conduct of judges. The objective of the Code of Judicial Conduct is to ensure that "an independent, fair and competent judiciary will interpret and apply the laws that govern us" and that judges will "respect and honor the judicial office as a public trust." As such, *there are unique considerations which govern* the conduct and discipline of judges that are inapplicable to attorneys, who, although bound by some of the same moral and ethical principals, are advocates. Likewise, there are circumstances and considerations that are unique to the practice of law and to lawyers in their representation of their clients Thus, we find that the State has a legitimate interest in treating members of the judiciary different from other members of the State Bar and that the disciplinary rules are rationally related to promoting that interest.

Third, Bradt was not denied a remedy by due course of law. Bradt's complaint sought to remove Judge West "from the roll of attorneys for that portion of his *judicial conduct* which adversely reflects on his fitness to practice law." (emphasis added). As stated above, the authority to regulate judicial conduct is vested in the State Commission on Judicial Conduct. Thus, Bradt was not denied a remedy by due course of law, nor was he denied access to the courts; however, he *was* required to bring his complaint to the attention of the appropriate agency.

Bradt also claims that he is entitled to a common law remedy of suing to remove Judge West from the roll of attorneys. His contention is based on the belief that when an exclusive administrative remedy fails to provide a party the relief sought, the common law remedy is revived. However, he fails to cite this court to any current authority supporting this position. To the contrary, the proposition urged by Bradt has previously been both addressed and rejected by courts of this state. *See e.g., State ex rel. Chandler v. Dancer,* 391 S.W.2d 504 (Tex. Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.).

Bradt has failed to plead a cognizable cause of action under either the federal or Texas constitutions or 42 U.S.C. § 1983. Nor is there any common law remedy available to him. As such, we overrule his first point of error.

Bradt next alleges that the judge erred in denying his cross-motion for summary judgment. We disagree. The only statements contained in Bradt's cross-motion dispositive to the controversy before the trial court were incorrect conclusions of law unsupported by the evidence. The judge was correct in rejecting them. We overrule Bradt's second point of error.

Lastly, Bradt argues that the trial court erred in awarding the State Bar of Texas $1,500.00 in attorneys fees since the judgment was silent as to why the fees were awarded. He asserts that, as a prerequisite to imposing sanctions against an attorney or a party, the judgment must set forth good cause for awarding them. Bradt has apparently confused the assessment of attorney's fees as a discovery sanction with the awarding of attorney's fees for defense of a declaratory judgment action pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code. In the case before us, the record clearly supports the court's awarding of appellee's attorney's fees under the provisions

contained in the Code. The attorney representing appellee included a sworn affidavit stating the reasonable and necessary attorney's fees incurred in defending against Bradt's action. Since Bradt's original petition sought relief under the Uniform Declaratory Judgment Act, appellee was entitled to reasonable attorney's fees in defending the suit. TEX.CIV.PRAC. & REM.CODE ANN. § 37.001, *et seq.* (Vernon 1986). Bradt's third point of error is overruled, and the judgment of the trial court affirmed.