**IN RE David DOW, Relator–Petitioner**

No. 15–0205

Supreme Court of Texas.

Opinion delivered: June 26, 2015

Casie Gotro, Law Office of Casie Gotro, The Lyric Center, 440 Louisiana, Suite 800, Houston TX, Nicole Wignall DeBorde, DeBorde Law Firm, 712 Main Street, Suite 2400, Houston TX, for Relator David Dow.

Sian Schilhab, General Counsel, Court of Criminal Appeals, P.O. Box 12308, Austin TX, for Respondent The Texas Court of Criminal Appeals.

Joseph Ahmad, Norton Rose Fulbright US LLP, 1301 McKinney Street, Suite 5100, Houston TX, Pro Se, for Amicus Curiae.

Paul N. Gold, Aversano & Gold, 3310 Katy Fwy, Suite 110, Houston TX, Pro Se, for Amicus Curiae.

David H. Berg, Joel Marc Androphy, Berg & Androphy, 3704 Travis Street, Houston TX, Olan J. Boudreaux, The Bou-

dreaux Law Firm, P.C., 3411 Richmond Avenue, Suite 400, Houston TX, for Amicus Curiae Berg & Androphy.

Olan J. Boudreaux, The Boudreaux Law Firm, P.C., 3411 Richmond Avenue, Suite 400, Houston TX, Pro Se, for Amicus Curiae.

Susannah "Susan" Briones, Calvert & Associates, 2180 North Loop West, Suite 315, Houston TX, Pro Se, for Amicus Curiae.

T. Marc Calvert, Calvert & Associates, 2180 North Loop West, Suite 315, Houston TX, Pro Se, for Amicus Curiae.

Laverne Carol Chang, Noah Meek, Suzan K. Cardwell, Cardwell & Chang, PLLC, 511 Lovett Blvd., Houston TX, for Amicus Curiae Cardwell & Chang PLLC.

Alistair B. Dawson, Beck Redden & Secrest, 1221 McKinney, Suite 4500, Houston TX, Pro Se, for Amicus Curiae.

Kevin Dale Didway, Tekell Book Allen & Morris LLP, 1221 McKinney, Suite 4300, Houston TX, Pro Se, for Amicus Curiae.

Steven Michael Duble, 2803 Greenbriar St, Houston TX, Pro Se, for Amicus Curiae.

A. Craig Eiland, Pro Se, for Amicus Curiae.

Thomas M. Farrell, Law Offices of A. Craig Eiland, P.C., Old Galveston Square, 2211 The Strand, Suite 201, Galveston TX, Pro Se, for Amicus Curiae.

Jan Woodward Fox, Jan Woodward Fox, PLC, 440 Louisiana, Suite 900, Houston TX, Pro Se, for Amicus Curiae.

Larry Funderburk, Funderburk & Funderburk, L.L.P., 2777 Allen Parkway, Suite 1080, Houston TX, Pro Se, for Amicus Curiae.

S. Tanner Garth, The Garth Law Firm, 1722 Heights Boulevard, Houston TX, Pro Se, for Amicus Curiae.

Barbara L. Hachenburg, Three Allen Center, 333 Clay Street, Suite 4950, Houston TX, Charles W. Goehringer Jr., Paula Heirtzler Blazek, 550 Fannin, Suite 700, Beaumont TX, David Lawrence Merkley, J. Stephen Dillawn, 333 Clay Street, Suite 4950, Houston TX, J. Mitchell Smith, P.O. Box 4915, Beaumont TX, Mark T. Beaman, Missy K. Atwood, Germer Gertz, L.L.P., 301 Congress Avenue, Suite 1700, Austin TX, Robin Nicole Blanchette, Troy Allen Williams, Hays, McConn, Rice & Pickering, 1233 West Loop, Suite 1000, Houston TX, Roy A. Spezia, Clark Thomas & Winters, P.O. Box 1148, Austin TX, for Amicus Curiae Germer PLLC.

George R. Gibson, Nathan Sommers Jacobs, P.C., 2800 Post Oak Blvd., 61st Floor, Houston TX, Pro Se, for Amicus Curiae.

Stacy R. Obenhaus, Gardere Wynne Sewell LLP, 1601 Elm Street, Dallas TX, for Amicus Curiae Anthony Graves.

Hartley Hampton, Hampton & King, 3 Riverway Ste 910, Houston TX, Pro Se, for Amicus Curiae.

Alex Barlow, Anna Greenberg, Denman H. Heard, Ian P. Cloud, Jason E. Dunahoe, Leslie Lamacchia, Sean Teare, Heard Robins Cloud LLP, Houston TX, Hector Longoria, Hector Longoria PC, 2000 West Loop South, Suite 2200, Houston TX, for Amicus Curiae Heard Robbins Cloud LLP.

Charles L. Henke Jr., Henke Law Firm LLP, 3200 Southwest Freeway, 34th Floor, Houston TX, Pro Se, for Amicus Curiae.

Gregory Arthur Holloway, Tekell Book Allen & Morris LLP, 1221 McKinney, Suite 4300, One Houston Center, Houston TX, Pro Se, for Amicus Curiae.

Matthew B.E. Hughes, Boston & Hughes, P.C., 8584 Katy Freeway, Suite 310, Houston TX, Pro Se, for Amicus Curiae.

Lee L. Kaplan, Smyser Kaplan & Veselka, L.L.P., 700 Louisiana, Suite 2300, Houston TX, Pro Se, for Amicus Curiae.

Dana Andrew LeJune, 6525 Washington Ave, Suite 300, Houston TX, Pro Se, for Amicus Curiae.

Scott A. Love, Clark, Love & Hutson, 440 Louisiana Street, Suite 1600, Houston TX, Pro Se, for Amicus Curiae.

Robert C. Mace, Fulbright & Jaworski L.L.P., 1301 McKinney, Suite 5100, Houston TX, Pro Se, for Amicus Curiae.

Thomas R. McDade, Beck Redden & Secrest, LLP, 1221 McKinney, Ste. 4500, Houston TX, Pro Se, for Amicus Curiae.

Ebb B. Mobley, Attorney at Law, P.O. Box 2309, Longview TX, Pro Se, for Amicus Curiae.

Mike Morris, Tekell Book Allen & Morris LLP, 1221 McKinney, Suite 4300, Houston TX, Pro Se, for Amicus Curiae.

Marvin David Nathan, Nathan Sommers Jacobs, 2800 Post Oak Blvd., 61st Floor, Houston TX, Pro Se, for Amicus Curiae.

Cynthia Orr, Goldstein, Goldstein & Hilley, Tower Life Bldg., San Antonio TX, for Amicus Curiae National Association of Criminal Defense Lawyers.

Layne E. Kruse, Linda L. Addison, Richard Samson Krumholz, Norton Rose Fulbright US LLP, 1301 McKinney, Suite 5100, Houston TX, for Amicus Curiae Norton Rose Fulbright US LLP.

Donald Hamilton Kidd, Jim M. Perdue Jr., Jim M. Perdue Sr., Perdue & Kidd, LLP, 510 Bering Drive, Suite 550, Houston TX, for Amicus Curiae Perdue & Kidd, LLP.

John Wesley Raley III, Raley & Bowick, LLP, 1800 Augusta Dr Ste 300, Houston TX, Pro Se, for Amicus Curiae.

Roger Rider, The Rider Law Firm, Comerica Bank Building, One Sugar Creek Center Blvd., Suite 980, Sugar Land TX, Pro Se, for Amicus Curiae.

Paul Simon, Simon Herbert & McClelland LLP, 3411 Richmond Avenue, Suite 400, Houston TX, Pro Se, for Amicus Curiae.

Craig Smyser, Smyser Kaplan & Veselka, L.L.P., 700 Louisiana, Suite 2300, Houston TX, Pro Se, for Amicus Curiae.

Kathryn V. Smyser, Kathryn Smyser PLLC, 1900 W. Loop S. Fwy., Suite 850, Houston TX, Pro Se, for Amicus Curiae.

Samuel E. Stubbs, Pillsbury Winthrop Shaw Pittman LLP, 2 Houston Center, 909 Fannin, Suite 2000, Houston TX, Pro Se, for Amicus Curiae.

Max L. Tribble Jr., Neal S. Manne, Stephen D. Susman, Susman Godfrey, 1000 Louisiana St Ste, 5100, Houston TX, for Amicus Curiae Susman Godfrey, LLP.

Allen David Russell, Beth McCahill Taylor, Todd C. Collins, Warren Taylor, Taylor, Taylor & Russell, 815 Walker Street, Suite 250, Houston TX, Stephen Theodore Liss, The Law Office of Stephen Liss PC, 815 Walker Street, Suite 250, Houston TX, for Amicus Curiae Taylor, Taylor & Russell.

R. Emmett Harris, President of Texas Criminal Defense Lawyer's Assoc., 625 Cenizo Blvd., Uvalde TX, Stanley G. Schneider, Schneider & McKinney, P.C., 440 Louisiana, Suite 800, Houston TX, for Amicus Curiae Texas Criminal Defense Lawyers Association.

Asim Bhansali, Hays, McConn, Rice & Pickering, 1233 West Loop, Suite 1000, Houston TX, Bryce E. Benjet, Hull Henricks LLP, 221 West Sixth Street, Suite

960, Austin TX, for Amicus Curiae The Innocence Network.

Eliot P. Tucker, Tucker, Vaughan, Gardner & Barnes, P.C., 712 Main Street, Suite 1600, Houston TX, Pro Se, for Amicus Curiae.

Larry R. Veselka, Smyser Kaplan & Veselka, L.L.P., 700 Louisiana, Suite 2300, Houston TX, Pro Se, for Amicus Curiae.

Patrick W. Mizell, Vinson & Elkins LLP, 1001 Fannin, Suite 2500, Houston TX, for Amicus Curiae Vinson & Elkins LLP.

Justin McKenzie Waggoner, Smyser Kaplan & Veselka, L.L.P., 700 Louisiana, Suite 2300, Houston TX, Pro Se, for Amicus Curiae.

Ronald B. Walker, Walker Keeling & Carroll, P.O. Box 108, Victoria TX, Pro Se, for Amicus Curiae.

Avery Sheppard, Don Jackson, Eileen F. O'Neill, John E. Nelson III, Margaret Ewing Bryant, Michelle Meriam, Paul W. Smith, Sagar Patel, Scott A. Hooper, Thomas DeBauche, Timothy F. Lee, Timothy Russell Lankau, Ware, Jackson, Lee, & Chambers, LLP, 2929 Allen Pkwy 39th Floor, Houston TX, for Amicus Curiae Ware Jackson Lee Chambers LLP.

Andrew M. Caplan, Cory D. Halliburton, Darla Catherine Carlisle, Dov Rosen, Jeremy Roberts, Jerrad Douglas Bloome, Jonathan David Saikin, Mark Jeffrey Levine, Misty Gasiorowski, Murphy S. Klasing, Paul Daniel Strug, Roslyn Yvette Bazzelle, Tanya N. Garrison, Weycer Caplan Pulaski & Zuber, P.C., 1400 Summit Tower, Eleven Greenway Plaza, Houston TX, for Amicus Curiae Weycer, Kaplan, Pulaski & Zuber, PC.

Amy Brenda Archambault, Christina Soileau, Cindy Lynn Rusnak, Jesus Chapa, Jimmy Williamson, Michael W. Kerensky, Ross A. Sears II, William Dills, Williamson, Sears & Rusnak, LLP, 4310 Yoakum Blvd., Houston TX, for Amicus Curiae Williamson, Sears & Rusnak, LLP.

James H. Powers, John R. Shepperd, Marjorie Leigh Cohen, Sean Higgins, Sharla J. Frost, Shawn David Golden, Wilson Elser Moskowitz Edleman & Dicker LLP, 909 Fannin, Ste 3300, Houston TX, for Amicus Curiae Wilson Elser, LLP.

R. Paul Yetter, Yetter Coleman LLP, Two Houston Center, 909 Fannin, Suite 3600, Houston TX, Pro Se, for Amicus Curiae.

## PER CURIAM

Court of Criminal Appeals Miscellaneous Rule 11–003 provides that "[a] motion for stay of execution ... must be filed ... at least seven days before the date of the scheduled execution date (exclusive of the scheduled execution date)."[1] The Court of Criminal Appeals held David Dow, an experienced post-trial capital defense attorney, in contempt for violating this rule and suspended him from practicing before it for one year, except in certain already pending cases.[2] Dow contends that the

---

[1] *Procedures in Death Penalty Cases Involving Requests for Stay of Execution and Related Filings in Texas State Trial Courts and the Court of Criminal Appeals,* Misc. Docket No. 11–003 (Tex. Crim. App. June 30, 2011) ("*Procedures* "), *reprinted in* TEXAS RULES OF COURT 417–18 (West 2015), *available at* http://www.txcourts.gov/cca/practice-before-the-court/rules-procedures.aspx. The rule further explains: "A pleading shall be deemed untimely if it is filed in the proper court fewer than seven days before the scheduled execution date. For example, a request for a stay of execution filed at 8:00 a.m. on a Wednesday morning when the execution is scheduled for the following Wednesday at 6:00 p.m. is untimely."

[2] *In re Dow,* Nos. WR–61, 939–01 & WR–61, 939–02, slip op. at 3 (Tex. Crim. App. Jan. 14, 2015) ("*Contempt Order*") (per curiam) (the order directed Dow to provide a list of pend-

Court of Criminal Appeals exceeded its authority and seeks mandamus and declaratory relief in this Court.

The Texas Criminal Defense Lawyers Association, the Innocence Network, and hundreds of lawyers have filed amicus letters and briefs in support of Dow's petition. As Dow and several of the amici recognize, a significant threshold issue is whether this Court has jurisdiction to grant the relief sought. Having carefully considered their arguments, we conclude that we do not and accordingly dismiss Dow's petition for want of jurisdiction. Without jurisdiction, we may not address the merits of the case,[3] and thus we intimate no view as to whether the Court of Criminal Appeals' action was proper.

We begin by summarizing the proceedings leading to Dow's contempt citation.

On September 17, 2000, Miguel Angel Paredes and three fellow gang members shot and killed three members of a rival gang.[4] Paredes later told another fellow gang member he "should have been there," he "would have had some fun."[5]

Paredes was convicted of capital murder in October 2001.[6] During the punishment phase of the trial, the State introduced evidence that Paredes had committed many other crimes, including another murder, a shooting in which two people were wounded, a kidnapping, and burning and disposing of the body of someone who had overdosed on drugs.[7] The State also offered evidence that Paredes had no mental deficiency or learning disability, no history of physical, emotional, or sexual abuse, and no history of long-term narcotics abuse.[8] Paredes offered no evidence during the punishment phase. The jury found that

> there was a probability [Paredes] "would commit criminal acts of violence that would constitute a continuing threat to society," [and that] taking into consideration all of the evidence, including the circumstances of the offense, the petitioner's character, background, and personal moral culpability, there were insufficient mitigating circumstances to warrant a life sentence.[9]

The trial court sentenced Paredes to

ing Court of Criminal Appeals cases, and of trial court cases "returnable" to the Court of Criminal Appeals, in which he was counsel of record, and, for those cases, to request leave to appear). One judge dissented in part to the contempt order and on denial of Dow's motion for rehearing; three additional judges filed or joined dissenting statements on rehearing. The order and statements are available at http://www.search.txcourts.gov/Case.aspx?cn=WR-61,939-02 & coa=coscca.

3. *Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex. 1999) (citing *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994)).

4. *Paredes v. State*, 129 S.W.3d 530, 533 (Tex. Crim. App. 2004) ("*Paredes I*"); *Paredes v. Quarterman*, No. SA–05–CA–870–FB, 2007 WL 760230 (W.D. Tex. Mar. 8, 2007) ("*Paredes III*") (mem. op. and order), *aff'd in part*, 574 F.3d 281 (5th Cir. 2009) (per curiam) ("*Paredes IV*"), and *aff'd sub nom. Paredes v. Thaler*, 617 F.3d 315 (5th Cir. 2010) ("*Paredes V*"), *cert. denied*, 562 U.S. 1203 (2011).

5. *Paredes I*, 129 S.W.3d at 534; *Paredes III*, 2007 WL 760230, at *1; *Paredes IV*, 574 F.3d at 285.

6. *Paredes I*, 129 S.W.3d at 532.

7. *Paredes IV*, 574 F.3d at 285; *Paredes III*, 2007 WL 760230, at *2.

8. *Paredes III*, 2007 WL 760230, at *2; *Paredes v. Stephens*, No. SA–05–CA–870–FB, slip op. at 3 (W.D. Tex. Oct. 23, 2014) (ECF No. 29) ("*Paredes VII*") (order denying relief on a motion for stay of execution, and denying and transferring a motion for relief under Federal Rule of Civil Procedure 60(b) to the Fifth Circuit Court of Appeals); *In re Paredes*, 587 Fed.Appx. 805, 819–20 (5th Cir. 2014) ("*Paredes VIII*").

9. *Paredes III*, 2007 WL 760230, at *3.

death.[10] On appeal, Paredes raised 29 points of error.[11] The Court of Criminal Appeals affirmed his conviction in 2004.[12]

In November 2003, before his conviction was affirmed, Paredes sought habeas relief in state court.[13] Among the many grounds asserted, Paredes claimed that his trial lawyer's failure to develop and present mitigating evidence during the punishment phase constituted ineffective assistance of counsel.[14] But during the hearing on his application in November 2004, Paredes directed his habeas lawyer, Michael Gross, not to pursue that claim. Under repeated questioning by the court at the prosecutor's insistence, Paredes confirmed that he wanted to waive the claim.[15] At the conclusion of the hearing the court made findings and recommended that relief be denied.[16] Paredes then applied to the Court of Criminal Appeals for habeas relief, which it denied in 2005.[17]

In 2006, Paredes applied to the federal district court for habeas relief.[18] Paredes, still represented by Gross, asserted many claims, including several claims of ineffective assistance of counsel, but none complaining of counsel's failure to present mitigating evidence at the punishment phase of trial.[19] The federal district court denied a hearing and relief,[20] and the United States Court of Appeals for the Fifth Circuit affirmed in 2009[21] and 2010.[22]

On May 22, 2014, Paredes wrote to Gross acknowledging Gross's notice to him that his execution had been set for October 28, 2014.[23] Paredes also explained that at the state habeas hearing almost 10 years earlier, when he waived his ineffective assistance claim relating to the punishment phase of his trial, he had been suicidal and on medication.[24] On June 9, Dow received a similar letter from Paredes asking for "last minute" help.[25] Due to, in his words, "a busy summer schedule" and a "heavy caseload," Dow did not respond until August 1 and did not send anyone from his office to meet with Paredes in prison until September 2.[26] From September 12 to October 14, Dow investigated whether Paredes's trial counsel was ineffective in not presenting mitigating evidence and whether his habeas counsel was ineffective in allowing him to waive that claim without

---

10. *Paredes I*, 129 S.W.3d at 532.

11. *Id.*

12. *Id.*

13. *Ex parte Paredes*, No. WR–61, 939–01 (Tex. Crim. App. Aug. 31, 2005) ("*Paredes II*") (unpublished per curiam order adopting trial court's findings and conclusions and denying writ of habeas corpus), *available at* http://www.search.txcourts.gov/Case.aspx?cn=WR–61,939–01 & coa=coscca.

14. *Paredes III*, 2007 WL 760230, at *3 n.41.

15. *Paredes VII*, slip op. at 5–7 (quoting from reporter's record of the hearing on Paredes's state habeas corpus proceeding).

16. *Paredes III*, 2007 WL 760230, at *3.

17. *Paredes II*, at 2.

18. *Paredes III*, 2007 WL 760230, at *3.

19. *Id.* at *5–25.

20. *Id.* at *25.

21. *Paredes IV*, 574 F.3d 281.

22. *Paredes V*, 617 F.3d 315.

23. Dow Petition, Ex. I, at 5 ("Motion for Leave to File [in Court of Criminal Appeals]", Exhibit A [Dow's Timeline]).

24. *Id.*

25. *Id.*

26. Dow Petition, Ex. G, H (documents entitled "Statement of David R. Dow pursuant to Miscellaneous Rule 11003," dated October 21, 2014); Ex. I, at 5.

determining whether he was competent to do so.[27]

On October 18, Dow moved the federal district court for relief from its prior order denying habeas relief and to stay Paredes's execution.[28] On the afternoon of October 21, Dow filed in the Court of Criminal Appeals:

- a motion to reconsider the court's prior denial of habeas relief, based on evidence that in November 2004, Paredes was not competent to waive his claim of ineffective assistance of counsel during the punishment phase of his trial; [29]

- a new application for habeas relief arguing for the first time that Paredes acted in self-defense and was therefore actually innocent, based on newly discovered evidence—two May 2012 affidavits indicating that the murder victims had intended to kill members of Paredes's gang; [30]

- two motions to stay Paredes's execution in the Court of Criminal Appeals;[31] and

- two identical statements pursuant to Miscellaneous Rule 11–003 explaining why the filings were untimely.[32]

The federal district court and the Court of Criminal Appeals denied all relief on October 23.[33] Dow moved for relief and a stay of execution in the Fifth Circuit, which denied relief on October 25.[34] The United States Supreme Court refused to stay Paredes's execution on October 28,[35] and Paredes was executed as scheduled later that day.

The stated purpose of Miscellaneous Rule 11–003 is "[t]o ensure that all appropriate state and federal courts, officials, and parties shall have an adequate opportunity to review and resolve legal and factual issues concerning an impending execution." [36] The rule is modeled on Rule 8.10 of the United State Court of Appeals for the Fifth Circuit.[37] The Court of Criminal

---

27. Dow Petition, Ex. I, at 5.

28. *Paredes VII*, slip op. at 1, 30.

29. Dow Petition, Ex. K.

30. Dow Petition, Ex. L ("Application for Postconviction Writ of Habeas Corpus").

31. Dow Petition, Ex. M, N ("Motion for Stay of Execution").

32. *Contempt Order*, slip op. at 2; Dow Petition, Ex. A, G, H; *see also* Ex. O ("Show Cause Hearing Audio Transcription"). Miscellaneous Rule 11–003 states: "Counsel who seek to file an untimely motion for a stay of execution or who wish to file any other untimely pleading requesting affirmative relief in an impending execution case, must attach to the proposed filing a detailed explanation stating under oath, subject to the penalties of perjury, the reason for the delay and why counsel found it physically, legally, or factually impossible to file a timely request, motion, or other pleading. Counsel is required to show good cause for the untimely filing."

Although Dow acknowledged in his statements that the filings were late, he now argues that the deadline under the rule should have been a day later, so that the filings were timely.

33. *Ex parte Paredes*, Nos. WR–61, 939–01 & WR–61, 939–02, 2014 WL 5422216 (Tex. Crim. App. Oct. 23, 2014) ("*Paredes VI*"); *Paredes VII*, slip op. at 30 (order denying relief on a motion for stay of execution, denying a certificate of appealability, and dismissing without prejudice and transferring a motion for relief under Federal Rule of Civil Procedure 60(b) to the Fifth Circuit Court of Appeals).

34. *Paredes VIII*, 587 Fed.Appx. at 826.

35. *Paredes v. Stephens*, —— U.S. ——, 135 S.Ct. 433, 190 L.Ed.2d 322 (2014).

36. *Procedures*, *supra* note 1, TEXAS RULES OF COURT 418 (West 2015).

37. 5th Cir. R. 8.10.

Appeals has had a rule setting deadlines based on scheduled execution dates in capital cases since 2008.[38]

On November 19, 2014, the Court of Criminal Appeals ordered Dow to appear on January 14, 2015, and show cause why he should not be sanctioned for violating Miscellaneous Rule 11–003.[39] In his earlier statements and again at the hearing, Dow explained that he had "worked diligently to meet that deadline" but had many professional demands on his time. Paredes's case, he said, was taken pro bono and close to the last minute, was complicated, and required ample investigation. Besides frequently handling capital cases in post-trial proceedings, usually pro bono, Dow is the Cullen Professor of Law at the University of Houston Law Center, the Rorschach Visiting Professor of History at Rice University, of counsel to the Houston law firm of Smyser Kaplan & Veselka, and the founder of the Texas Innocence Network.

The Court of Criminal Appeals found Dow's explanation wanting, held him in contempt, and issued an order imposing sanctions.[40] The order noted that in 2010 Dow had violated the predecessor to Rule 11–003 without good cause and had been warned that should he "again violate [the rule] without good cause, a sanction could result in a suspension from practicing before this Court."[41] In accordance with that warning, the 2014 order suspended Dow from practicing before the Court of Criminal Appeals for one year, without first obtaining leave to do so.[42]

Since the suspension was imposed, Dow has petitioned for and received from the Court of Criminal Appeals permission to appear in at least one pending case. Dow reports that the Court of Criminal Appeals' suspension has affected his ability to appear in federal district courts, where his practice is focused, because those courts regularly suspend lawyers who have been suspended elsewhere.

Dow filed this original proceeding in this Court, contending that he should not have been sanctioned and that his one-year suspension from practicing before the Court of Criminal Appeals without leave effectively bars him from practicing law. Dow argues that we have jurisdiction to prevent the Court of Criminal Appeals from exceeding its authority and from in-

**38.** *Procedures in Death Penalty Cases Involving Requests for Stay of Execution and Related Filings in Texas State Trial Courts and the Court of Criminal Appeals,* Misc. Docket No. 08–101 (Tex. Crim. App. June 23, 2008), *reprinted* in Texas Rules of Court 450 (West 2009).

**39.** *In re Dow,* Nos. WR–61, 939–01 & WR–61, 39–02 (Tex. Crim. App. Nov. 19, 2014) (ordering counsel to appear and show cause why they should not be sanctioned), *available at* http://www.search.txcourts.gov/Case.aspx?cn=WR–61,939–01 & coa=coscca. Rule 11–003 states: "Counsel who fails to attach a sworn detailed explanation to an untimely filing or who fails to adequately justify the necessity for an untimely filing shall be sanctioned. Such sanctions include, but are not limited to (1) referral to the Chief Disciplinary Counsel of the State Bar of Texas; (2) con-

tempt of court; (3) removal from the list of Tex. Code Crim. Proc. Art. 11.071 list of attorneys; (4) restitution of costs incurred by the opposing party; and (5) any other sanction allowed by law (see, *e.g.,* Tex. R. Civ. P. 215.2)."

**40.** *Contempt Order,* slip op. at 3.

**41.** *Contempt Order,* slip op. at 2–3 (quoting *In re David Dow and Katherine Black,* No. WR–57,060–03 (Tex. Crim. App. June 9, 2010)).

**42.** The court permitted Dow to appear on motion in cases in which he was already engaged. The court also imposed a $250 fine on Dow's co-counsel, probated for one year on condition that he not violate the rule again during that period. That lawyer is not involved in this proceeding. *Id.*

terfering with our exclusive authority to regulate the practice of law.

■ Our jurisdiction derives from the Texas Constitution and state statutes.[43] Article V, Section 3(a) of the Texas Constitution authorizes this Court to issue the writ of mandamus in two instances: "as may be necessary to enforce its jurisdiction" and "in such cases as may be specified" by the Legislature.[44] With respect to the second, the Legislature has not authorized this Court to issue the writ of mandamus to the Court of Criminal Appeals. On the contrary, it has specifically denied this Court that authority. Section 22.002(a) of the Government Code provides:

> The supreme court or a justice of the supreme court may issue ... all writs of ... mandamus ... against a statutory county court judge, a statutory probate court judge, a district judge, a court of appeals or a justice of a court of appeals, or any officer of state government except the governor, the court of criminal appeals, or a judge of the court of criminal appeals.[45]

As for mandamus necessary to enforce the Court's jurisdiction, "we have repeatedly construed this provision as authorizing the Court to issue writs only when a lower court's action threatens to impair our ap-

pellate jurisdiction or nullify the effect of our judgments."[46] Dow's petition does not fall into either category, and the Court of Criminal Appeals is not a "lower court."[47] Thus, this Court does not have jurisdiction under the Constitution over Dow's petition for mandamus relief.

■ The authority to regulate the practice of law in Texas belongs exclusively to this Court. It is "derived from both statutory and inherent powers."[48] Section 81.011(c) of the Government Code states that "[t]he Supreme Court of Texas, on behalf of the judicial department, shall exercise administrative control over the state bar" under Chapter 81 of the Code.[49]

The other source of this court's power to regulate the practice of law in this state, its inherent power, is not secured by any legislative grant or specific constitutional provision, but is necessarily implied to enable the Court to discharge its constitutionally imposed duties. Those duties include our obligation, as the head of the judicial department, to regulate judicial affairs. Because the admission and practice of Texas attorneys is inextricably intertwined with the administration of justice, the Court must have the power to regulate these activities in order to fulfill its constitutional role.[50]

43. *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996) (per curiam).

44. TEX. CONST. art. V, § 3(a).

45. TEX. GOV'T CODE § 22.002(a).

46. *In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 775 (Tex. 1999) (citing *City of Orange v. Clark*, 627 S.W.2d 146, 147 (Tex. 1982) (per curiam); *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979); *Tex. Aeronautics Comm'n v. Betts*, 469 S.W.2d 394, 398–99 (Tex. 1971); *Sparenberg v. Lattimore*, 134 Tex. 671, 139 S.W.2d 77, 78, 80 (1940); *Hovey v. Shepherd*, 105 Tex. 237, 147 S.W. 224, 224 (1912)).

47. Dow argues that Section 22.002(a) cannot limit our constitutional authority to issue the

writ of mandamus. We agree, but here it does not. The Court of Criminal Appeals is not a lower court, and its sanction of Dow does not restrict our ability to enforce our jurisdiction.

48. *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994); *see* TEX. GOV'T CODE § 81.011(c).

49. TEX. GOV'T CODE § 81.011(c).

50. *Gomez*, 891 S.W.2d at 245 (citation omitted). In *Gomez*, we relied on *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398–99 (Tex. 1979), which explained: "The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction,

 But "the Court's power to regulate the practice of law is an administrative one," "not jurisdictional."[51] The Court's "administrative powers imply no mandamus jurisdiction."[52] Thus, the Court's authority to regulate the practice of law does not itself provide jurisdiction to issue the writ of mandamus. While it is true that we have "consistently granted mandamus relief when a lower court interferes with the disciplinary process,"[53] our authority to do so is derived from Section 22.002(a), the same provision that denies us authority to mandamus the Court of Criminal Appeals.[54]

Dow and his supporting amici argue that we must nevertheless remedy the Court of Criminal Appeals' usurpation of our authority to regulate the Texas bar. They point to that court's explanation of the basis for its actions in granting Dow leave to appear in a proceeding since his suspension:

> in the administration of justice, and in the preservation of its independence and integrity. Inherent power of the courts has existed since the days of the Inns of Court in common law English jurisprudence. It also springs from the doctrine of separation of powers between the three governmental branches. This power exists to enable our courts to effectively perform their judicial functions and to protect their dignity, independence and integrity." *Id.* (footnote and citations omitted).

**51.** *Gomez*, 891 S.W.2d at 245.

**52.** *In re Nolo Press/Folk Law*, 991 S.W.2d 768, 776 (Tex. 1999).

**53.** *In re State Bar of Tex.*, 440 S.W.3d 621, 627 (Tex. 2014); *In re State Bar of Tex.*, 113 S.W.3d 730, 733–34 (Tex. 2003) (granting mandamus relief from a trial court's interlocutory order interfering with a finally-adjudicated disciplinary judgment issued by the Board of Disciplinary Appeals and affirmed by the Court); *In re State Bar of Tex.*, 960 S.W.2d 651, 655 (Tex. 1997) (per curiam); *State Bar of Tex. v. Jefferson*, 942 S.W.2d 575

Just as the federal courts require attorneys to be admitted to practice or obtain membership before being allowed to litigate before a particular court, Dow must now obtain leave to file or appear in this Court for a period of time on any case because of his failure to comply with the rules of this Court.[55]

We do not agree that the Court of Criminal Appeals or any other Texas court is authorized to impose any such requirements on attorneys seeking to practice before them. But while the analogy to the federal courts is inapt, the basis for Dow's suspension is his failure to give an adequate justification for his late filings. The Court of Criminal Appeals has not undertaken to determine what lawyers may practice before it. Rather, it has imposed a sanction for the violation of a rule that provides for such a sanction. This in no way threatens our authority to regulate the Texas bar. One of Dow's supporting

(Tex. 1997) (per curiam); *Bd. of Disciplinary App. v. McFall*, 888 S.W.2d 471 (Tex. 1994) (per curiam) (granting writs of mandamus and prohibition); *State v. Sewell*, 487 S.W.2d 716 (Tex. 1972) (granting mandamus to vacate district court's temporary injunction against grievance committee, "the arm of the Supreme Court in the discharge of its professional policing duties").

**54.** Dow argues that his suspension is a disciplinary action for which due process must provide a remedy. But Dow has received due process: he was given a written warning, an order to show cause, a hearing, and a written statement of the reasons for his suspension. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) ("Due process of law requires . . . 'full and complete notification' and a reasonable opportunity to meet the charges by way of defense or explanation."); *Ex parte Parr*, 505 S.W.2d 242, 243 (Tex. 1974) (due process requires fair notice and opportunity to be heard).

**55.** *In re Dow*, Nos. WR-61, 939-01 & WR-61, 939-02, slip op. at 4-5 (Tex. Crim. App. April 1, 2015).

amici argues that to allow his suspension is to let other courts "banish licensed attorneys from practicing before them," thereby creating "a serious potential for havoc."[56] We disagree. Dow has been suspended for an important but limited reason: to accomplish the purpose of Miscellaneous Rule 11–003 by ensuring that pleadings in death penalty cases are filed in time to be thoroughly considered by the courts. We need not decide here what action we might take should any court infringe on our authority to regulate the bar. That situation is not presented here.

Finally, when "this court's jurisdiction to issue a writ of mandamus has attached the court necessarily has the correlative authority to issue a writ of injunction to make the writ of mandamus effective."[57] "The same may be said of declaratory relief;" that is, it is available only to make mandamus effective.[58] Thus, "[a] request for declaratory relief alone does not establish jurisdiction in this Court."[59] Because we lack mandamus jurisdiction, we also lack jurisdiction to grant declaratory relief.

Accordingly, we dismiss Dow's petition for want of jurisdiction.

---

**56.** Brief of the Texas Criminal Defense Lawyers Association as Amicus Curiae in Support of David Dow at 4.

**57.** *Lane v. Ross,* 151 Tex. 268, 249 S.W.2d 591, 593 (1952) (citing TEX. CONST. art. V, § 3); *see also Love v. Wilcox,* 119 Tex. 256, 28 S.W.2d 515, 519 (1930).

**58.** *In re Allcat Claims Serv., L.P.,* 356 S.W.3d 455, 462 (Tex. 2011).

**59.** *Chenault v. Phillips,* 914 S.W.2d 140, 141 (Tex. 1996) (per curiam).