

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00170-CV

---

LEVI RUDDER, APPELLANT

V.

CURTIS PARRISH, COUNTY JUDGE OF LUBBOCK COUNTY; TEXAS SUPREME
COURT, THROUGH NATHAN L. HECHT, AS CHIEF JUSTICE; UNKNOWN NUMBER
OF JOHN AND JANE DOES, APPELLEES

---

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CV-1761, Honorable J. Phillip Hays, Presiding

---

April 7, 2026

MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

"Humbly invoking the blessings of the Almighty God, the people of the State of Texas, do ordain and establish this Constitution."[1] So begins the Texas Constitution, a rare and striking invocation, one that frames our foundational law not merely as a legal

---

[1] TEX. CONST., Preamble.

document, but as an act undertaken with solemnity, purpose, and a measure of reverence.

Few pause to consider that this same Constitution also vests in the judiciary a distinct and consequential authority: the power to regulate the practice of law. TEX. CONST. arts. 2 (Powers of Government), 5 (Judicial Department). It is that authority, quietly embedded within our constitutional structure, that ultimately guides and constrains our decision today.

Appellant, Levi Rudder, appearing pro se, filed suit below, seeking declaratory judgment and injunctive relief against Curtis Parrish, County Judge of Lubbock County, in his official and individual capacity, the Texas Supreme Court, through Nathan L. Hecht in his official and individual capacity as Chief Justice,[2] and an unknown number of John and/or Jane Does in their official and individual capacity. Through his suit, Rudder challenged the constitutionality of law and policies that regulate the licensed and unlicensed practice of law, arguing the rules unlawfully bar qualified people from assisting others in probating wills unless they are licensed attorneys. Rudder raises several issues on appeal. We affirm.

---

[2] Rudder initially filed suit against Chief Justice Hecht. Justice Hecht left office in December 2024. Justice Jimmy Blacklock was sworn in as the succeeding Chief Justice in January 2025. After this appeal was filed, Rudder filed a motion to dismiss all claims against Justice Hecht. We therefore address only those claims against Justice Blacklock. We note also that any complaints Rudder has regarding Justice Blacklock's substitution into this case have not been properly preserved for appeal. TEX. R. APP. P. 33.1. Automatic substitution rules apply to public officials in their public capacity. TEX. R. APP. P. 7.2. Further, any error was harmless because it did not cause the rendition of an improper judgment, nor did it affect Rudder's ability to set forth his arguments. TEX. R. APP. P. 44.1(a) (setting forth that no judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the court of appeals).

## BACKGROUND

Among other things, Rudder desires to represent parties in probate court without obtaining a law license and to run for a position on the Supreme Court. He claims he has a constitutional right to practice law without a license. He sued County Law Judge Curtis Parris, challenging the "Pro Se Policy of the County Court of Lubbock County" that prohibits non-attorneys from representing estates and other parties in probate court. He also sued other parties, including the Chief Justice of the Texas Supreme Court, challenging rules pertaining to the practice of law that are set forth in the Texas Government Code and in the Penal Code.

Judge Parrish filed a plea to the jurisdiction below, claiming lack of jurisdiction to enjoin enforcement of the pro se policy. Chief Justice Hecht also filed a plea to the jurisdiction, arguing the trial court lacked jurisdiction to entertain Rudder's suit. A hearing was held on the motion in February 2025, after which the trial court granted the pleas.

## ANALYSIS

In the underlying suit, Rudder sought to challenge the Texas Supreme Court's authority to regulate the practice of law. We find he lacks standing to do so, and therefore, the court was without subject-matter jurisdiction over the action.

### Preservation

As an initial matter, we note subject-matter jurisdiction is fundamental, essential to a court's power to decide a case, cannot be waived, and may be raised at any time. *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 593 S.W.3d 324,

3

331 (Tex. 2020). While Rudder argues the lower court should not have heard the pleas to the jurisdiction at the February 2025 hearing, we note Rudder had notice, appeared and argued his position at the hearing, and did not object, request a continuance, or otherwise complain about the timing of the hearing on the pleas. Therefore, he has waived any issue on that point. TEX. R. APP. P. 33.1.

Standard of Review

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The claims may form the context in which a dilatory plea is raised, but the "plea should be decided without delving into the merits of the case." *Id.* The purpose of a dilatory plea is not to force the plaintiff to preview the case on the merits; rather, it is to establish a reason why the merits of the plaintiff's claims should never be reached. *Id.* If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). It is the plaintiff's burden to affirmatively demonstrate the trial court's jurisdiction. *Id.* at 227. Whether a court has subject-matter jurisdiction is a question of law we review de novo. *Id.* at 225–26.

Standing

Standing is a prerequisite to subject-matter jurisdiction. *Teal Trading & Dev., L.P.*, 593 S.W.3d at 331. A plaintiff has standing to sue when "pleaded facts state a 'concrete and particularized, actual or imminent, not hypothetical' injury." *Id.* Next, there must be

4

a causal connection between the injury and the complained-of conduct that is "fairly" traceable to the contested conduct of the defendant and not an action of an independent party. *In re Abbott*, 601 S.W.3d 802, 808 (Tex. 2020). Lastly, it must be likely that the injury will be "redressed by a favorable decision." *Id.*

According to Texas law, only a licensed attorney is permitted to represent other parties. *Sharpe v. Phung*, 622 S.W.3d 929, 929–30 (Tex. App.—Austin 2021, no pet.). Sections 81.101 and 81.102 of the Texas Government Code are relevant here. Under those provisions, the "practice of law" means:

> the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court as well as a service rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined.

TEX. GOV'T CODE § 81.101(a). Further, a person may not practice law in this state unless the person is a member of the state bar. TEX. GOV'T CODE § 81.102.

First, Rudder has not shown he has suffered an injury in fact. He claimed below he was injured when he was "denied the ability to practice law due to the reliance on the rules promulgated by the Justices of the Supreme Court." The ability to practice law is not a legally protected interest. *Bradt v. State Bar of Texas*, 905 S.W.2d 756, 758–59 (Tex. App.—Houston [14th Dist.] 1995, no writ) (the right to practice law is not a fundamental right). Since he has never completed any of the requirements necessary for a law license, Rudder has no legitimate entitlement to such a license, *Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54, 61 (Tex. 2018) ("[t]o have a constitutionally

5

protected property interest, a person must have a 'legitimate claim of entitlement' rather than a mere 'unilateral expectation.'").  He cannot, therefore, establish that he has suffered an injury in fact when he has not set forth a cognizable claim.

Next, Rudder failed to establish standing because his inability to practice law without a license cannot be remedied through the equitable relief he seeks against Judge Parrish.  The pro se policy of which Rudder complains merely reflects existing Texas law under Rule of Civil Procedure 7 and Government Code Section 81.102.  Judge Parrish has no discretion or authority to allow unlicensed law practice, making the requested relief ineffective.  The authority to regulate the practice of law in Texas belongs exclusively to the Supreme Court.  *In re Dow*, 481 S.W.3d 215, 224 (Tex. 2015).  *See also* TEX. GOV'T CODE § 81.011(c) ("[t]he Supreme Court of Texas, on behalf of the judicial department, shall exercise administrative control over the state bar under this chapter").  Moreover, Judge Parrish simply applied the law as required, an act within the bounds of his powers as a county judge.  Therefore, he did not act without legal authority.  *See Andrade v. NAACP of Austin*, 345 S.W.3d 1, 17 (Tex. 2011) ("a desire to have the government act in conformance to the law is not enough[;]" a concrete, particularized harm must be present to justify the claims).  This also shows Rudder failed to present a valid *ultra vires* claim against Judge Parrish.  *See Windham Sch. Dist. v. Thomas,* No. 09-24-00183-CV, 2025 Tex. App. LEXIS 3527, at *19–20 (Tex. App.—Beaumont May 22, 2025, no pet.) (mem. op.) (discussing requisites of *ultra vires* claim).

Further, as to his claims against Justice Blacklock, even if Rudder could show a cognizable injury, he has not established a causal connection between any alleged injury and Justice Blacklock's actions.  Rudder has not identified any specific actions Justice

6

Blacklock has taken against him. He alleged only that the Justice's actions in enforcing the rules for admission to the bar are *ultra vires*. This presupposes Justice Blacklock is responsible for the promulgation of the rules simply because he is the Chief Justice of the Texas Supreme Court. While the Chief Justice of the Texas Supreme Court certainly plays a role in the promulgation of the rules, Rudder has not set forth facts concerning any actions ostensibly taken by Blacklock against him.[3] "Merely asserting legal conclusions or labeling a defendant's actions as 'ultra vires,' 'illegal,' or 'unconstitutional' does not suffice to plead an ultra vires claim—what matters is whether the *facts* alleged constitute actions beyond the governmental actor's statutory authority, properly construed." *Tex. DOT v. Sunset Transp., Inc.*, 357 S.W.3d 691, 702 (Tex. App.—Austin 2011, no pet.) (emphasis in original).

We also find Rudder's reliance on *The State Bar of Texas v. Gomez*, 891 S.W.2d 243 (Tex. 1994) to be misplaced. Rudder argues *Gomez* supports his proposition that the trial court was required to hear his constitutional challenge to the regulation of the practice of law. However, *Gomez* did not so state. Rather, a court is only required to hear challenges in controversies that will be resolved by the relief sought. *Id.* at 245–46. That is not the case here.[4]

---

[3] Even if he had, Rudder has not shown Justice Blacklock acted in any way outside his authority. *See In re Dow*, 481 S.W.3d at 224 ("[b]ecause the admission and practice of Texas attorneys is inextricably intertwined with the administration of justice, the [Supreme] Court must have the power to regulate these activities in order to fulfill its constitutional role").

[4] During the hearing below, the trial court explained to Rudder that his action challenging the power to promulgate rules governing the practice of law "would be an original action taken up at the Texas Supreme Court."

Lastly, any alleged injury is not redressable due to immunity protection. A court does not have subject matter jurisdiction if a plaintiff's claims are barred by sovereign immunity. *Texas DOT v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Absent the State's consent to suit, a trial court has no jurisdiction over claims against the State. *Id.; Tex. A&M Univ. Sys. V. Koseoglu*, 233 S.W.3d 835, 843–44 (Tex. 2007). Members of the judiciary enjoy immunity from suit in their official capacities, as do other state officials. *Hall v. McRaven*, 504 S.W.3d 414, 420–21 (Tex. App.—Austin 2016), *aff'd*, 508 S.W.3d 232 (Tex. 2017). Rudder has not established any consent to suit applies here.

Moreover, "Texas has adopted absolute judicial immunity." *Spease v. Olivares*, 509 S.W.3d 512, 516 (Tex. App.—El Paso 2016, no pet.). The immunity applies unless the plaintiff can show: (1) the claim is based on some act not taken in the judge's judicial capacity; or (2) the judge's actions were taken in the "complete absence of all jurisdiction." *Id.* Rudder has satisfied neither of these requisites.

## CONCLUSION

Having found Rudder lacks standing in this matter, the trial court lacked subject matter jurisdiction over the matter. We affirm the trial court's judgment.

Alex Yarbrough
Justice

8